1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   United States of America,              )   No.   CIV 10-1810-PHX-DGC (DKD)
                                            )         CR 04-0819-PHX-DGC
10              Plaintiff/Respondent,        )
                                            )
11  vs.                                      )   **REPORT AND RECOMMENDATION**
                                            )
12  Lloyd Thomas, Jr.,                       )
                                            )
13              Defendant/Movant.            )
                                            )
14  _____)

15  TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

16          Lloyd Thomas filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to

17  28 U.S.C. § 2255 on August 23, 2010.  The motion seeks relief from a 2005 conviction for

18  voluntary manslaughter following a guilty plea, and a prison sentence of 105 months.

19  Thomas did not file a direct appeal from his conviction and sentence.  In his motion, Thomas

20  raises three grounds for relief:  (1) the government failed to fulfill the integrity of the plea

21  agreement by withholding evidence; (2) trial counsel failed to provide effective assistance;

22  and (3) the government knowingly suppressed *Brady* evidence.  The government argues that

23  the motion should be denied because it is untimely filed, it was expressly waived by the

24  terms of his plea agreement, and that the grounds raised are without merit.  The Court agrees

25  with the government that the motion is untimely filed, that Thomas is not entitled to any

26  statutory or equitable tolling, and recommends that the motion be denied.

27

28

1

**BACKGROUND**

2      On March 14, 2005, Thomas pleaded guilty to voluntary manslaughter relating to a

3 stabbing death that occurred on the Cocopah Indian Reservation.   The plea agreement

4 stipulated to the imposition of a prison sentence ranging between 84 and 105 months (Doc.

5 5, Exh A).  On June 20, 2005, the district court sentenced Thomas to a prison term of 105

6 months, followed by 36 months of supervised release (CR 04-819, Doc. 44).  Thomas did not

7 appeal and did not file any post-conviction pleadings for the next five years.

8      On August 24, 2009, Thomas received a letter from the Office of the United States

9 Attorney, informing him that biological evidence seized for use in his case and preserved by

10 the government was available for testing (Doc. 5, Exh B).[1]  Thomas was further informed

11 that he had 180 days to file a motion pursuant to 18 U.S.C. § 3600A for such testing (*Id.*).

12 In addition, he was specifically informed that if the motion was not timely filed, the

13 government would dispose of the evidence (*Id.*).[2]

14      On September 23, 2009, Thomas made a written request to the United States

15 Attorney's Office for clarification and a further explanation about the evidence preserved in

16 his case (*Id.*, Exh C).  In response, the government described the evidence preserved, and the

17 statutory requirements for its preservation (*Id.*, Exh D).  Included in this letter was an

18 explanation of the statutory purpose for requiring the preservation of evidence: *in a situation*

19 *where a perpetrator's identity is at issue*, it allows a defendant to test such evidence for the

20 presence of DNA in order to prove that someone other than the defendant committed the

21 offense (*Id.*) (emphasis added).  The government further informed Thomas of its belief that

22

23      [1]This evidence consisted of the victim's clothing worn at the time of the stabbing, and
fingernail clippings taken at the time of the autopsy.

24

25      [2]The government is not required to continue to preserve biological evidence secured
in the prosecution of a Federal offense once the conviction becomes final, and the defendant
26 has exhausted all opportunities for direct review, and he or she has been notified that the
evidence may be destroyed and the defendant does not file a motion under § 3600 within 180
27 days of receipt of the notice.  *See* 28 U.S.C. § 3600A (c) (3).

28

1    in his case such testing would be futile, in light of the eyewitnesses' testimony identifying

2    Thomas as the perpetrator.  The government concluded by informing Thomas of his right to

3    petition the district court for such an order (*Id.*).  Thomas did not petition the district court

4    for such an order or file any pleading with the district court during the 180-day period.  On

5    August 23, 2010, Thomas filed the present motion.

6                                        **DISCUSSION**

7            Thomas was required to file his motion within 1 year of the date the on which the

8    judgment became final.  *See* 28 U.S.C. § 2255(f)(1).  Because Thomas did not appeal, his

9    conviction became final 10 days after entry of the judgment.  *United States v. Schwartz*, 274

10   F.3d 1220, 1223 (9th Cir. 2001).  Therefore, his conviction became final on July 6, 2005, and

11   the one-year period of limitations expired on July 7, 2006, making his motion time-barred

12   unless an exception applies.  Thomas argues in his petition that he is entitled to statutory

13   tolling under 28 U.S.C. § 2255(f)(2) because his conviction only became final on August 24,

14   2009, "the date on which the impediment to making a motion created by the governmental

15   action in violation of the constitution or law of the United States is removed."  (Doc. 1 at 9).

16   An alleged governmental impediment must be illegal or unconstitutional.  *United States v.*

17   *Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002).  In addition, there must be some causal link

18   between the alleged impediment and Thomas's failure to timely file his motion.  *Bryant v.*

19   *Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007).

20           Thomas asserts that he was prevented from filing his motion by the following

21   governmental action:

22           The letter from United States Attorney Mr. John J. Tuchi dated August
             24, 2009 brought to my attention about biological evidence that should have
23           been tested while I was going through my court proceedings.

24   (*Id.*).

25   Thomas argues that the evidence should have been tested prior to his conviction.  He also

26   asserts, without any support in the record, that such evidence was withheld from him during

27   the course of his criminal case, both in the context of an ineffective assistance claim, and as

28                                          - 3 -

a claimed *Brady* violation.  First, Thomas has offered no support for his assertion that the government in fact withheld this information from defense counsel, and that the failure to disclose imposed an impediment to his timely filing.  Second, there is no evidence to support his claim that the government failed to disclose any *Brady* material to him, in violation of any Federal law or his constitutional rights.  As the government now argues, any DNA testing of this evidence would have been futile, in light of the eyewitnesses' testimony and Thomas's own admission that he caused the death of the victim.  Therefore, identity was not an issue and any testing would not have revealed any exculpatory evidence to which he would have been constitutionally entitled.  Therefore, even assuming the government did not previously disclose the existence of this evidence, it was not obliged to do so, and Thomas's claim of late notice of this evidence is not an impediment delaying the running of the one-year limitations period.  Thomas has shown no causal link between the alleged impediment and his failure to timely file his motion.  *Bryant*.  Finally, he is not entitled to equitable tolling.  He has not shown that during this five-year period, *including the year following notification of the existence of the evidence*, he had been pursuing his rights diligently, and that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

**IT IS THEREFORE RECOMMENDED** that Lloyd Thomas's Motion to Vacate, Set Aside or Correct Sentence be **denied** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because denial of the motion is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1);

Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 31st day of January, 2011.

_____
David K. Duncan
United States Magistrate Judge